**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David M. MRAZEK, Defendant–Appellant.**

**No. 93–1175.**

United States Court of Appeals, Seventh Circuit.

Argued June 16, 1993.

Decided July 1, 1993.

Matthew L. Jacobs, Asst. U.S. Atty., Office of the U.S. Atty., Milwaukee, WI, for plaintiff-appellee.

Martin I. Hanson, Hanson, Gasiorkiewicz & Weber, Racine, WI, for defendant-appellant.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

· Both the Sentencing Guidelines and an independent criminal statute, 18 U.S.C. § 924(c)(1), enhance the penalty when a person uses a gun while committing a federal crime. The penalty under § 924(c) is 5 years for the first offense and 20 years for each further offense. See *Deal v. United States,* —— U.S. ——, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). This penalty must be imposed consecutively to any other term of imprisonment. The Guidelines, by contrast, add offense levels. For bank robbery, the addition is 5 levels for displaying a firearm. U.S.S.G. § 2B3.1(b)(2)(C). Unless the crime is serious (level 27 and up for a first offender), an additional 5 levels do not increase the maximum sentence by 5 years, let alone by a compulsory 20. The increases do not cumu-

late. A conviction under § 924(c) precludes the enhancement the Guidelines otherwise would provide. U.S.S.G. § 2K2.4 Application Note 2. Thus the prosecutor's decision whether to bring a charge under § 924(c) or settle for the higher sentence under the Guidelines can have a large influence on the total time to be served.

Today's case poses the question: what happens if the defendant commits multiple armed offenses, and the prosecutor adds a single § 924(c) charge—seeking the 5 years for a first offense, but not the 20 years for each additional offense? David Mrazek pleaded guilty to three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and one count under § 924(c). Mrazek displayed a gun during all three robberies, but part of his plea bargain was that the prosecutor would file only a single count under § 924(c). The § 924(c) charge precluded the five-level enhancement for one robbery. The district court concluded that the five-level enhancement applied to each of the other two robberies. Mrazek argues that the inclusion of any charge under § 924(c) bars the gun enhancement under the Guidelines for all offenses.

The calculation proceeded as follows for each of the first two offenses (for which there was no § 924(c) charge): 20 levels for robbery, 5 levels for the display of a gun, 2 levels because the property of a financial institution was taken, and 1 level because the amount stolen exceeded $10,000, for a total of 28. See U.S.S.G. § 2B3.1(a), (b)(2)(C), (b)(1), (b)(6)(B). For the third offense, the calculation was: 20 levels for robbery plus 2 levels for robbing a financial institution. The grouping rules treated the first two robberies as one unit apiece, and the third robbery as one-half unit. The total of 2.5 units meant an increase of 3 levels from the highest level for any of the offenses, for a total of 31 offense levels. U.S.S.G. §§ 3D1.1, 3D1.4. Subtracting 3 for acceptance of responsibility produced a final offense level of 28 and a sentencing range of 78 to 97 months. The district judge sentenced Mrazek to 78 months for the robberies, plus the compulsory 60 months under § 924(c).

Mrazek observes that the grouping rules convert multiple counts into the equivalent of a single count with a single offense level and sentencing range. The operation of the grouping rules produces a final offense level dominated by the most serious offense. Because the first two robberies were enhanced by five levels for the use of the gun, they became the foundation for the final offense level. That, Mrazek insists, is double counting: in the end, his sentence reflected both a five-level enhancement for the use of a gun and the five-year consecutive sentence.

Nothing has been counted twice. There were three robberies, all armed. The gun was taken into account once per robbery— via § 2B3.1(b)(2)(C) for the first two robberies, and via § 924(c) for the third robbery. The Guideline enhancement for all three robberies would have disappeared had there been three § 924(c) charges, but that would have added 40 years to the sentence. Mrazek contends that he should be treated just as if the first two robberies were unarmed. Yet why should three armed robberies be treated identically to one armed and two unarmed robberies? Both the Guidelines and § 924(c) recognize that armed crimes are more serious. The district court's approach reflects this; Mrazek's does not.

■ Application Note 2 to § 2K2.4 provides: "Where a sentence under this section [18 U.S.C. § 924(c) or § 929(a) ] is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of a firearm ... is not to be applied in respect to the guideline for the underlying offense." The district court complied with this rule by omitting the five-level enhancement for the third robbery, which is "the underlying offense" for the § 924(c) charge. Mrazek contends that after grouping the offenses lose their distinctness, so that all three robberies are "the underlying offense." But grouping comes after the offense level has been determined for each separate crime; the grouping process does not call for redetermination of the offense level applicable to each crime. Thus "the underlying offense" must be the crime during which, by using the gun, the defendant violated § 924(c). See *United*

*States v. Nakagawa*, 924 F.2d 800, 805 (9th Cir.1991); *United States v. Kimmons*, 965 F.2d 1001, 1011 (11th Cir.1992). Application Note 2 is not ambiguous. At all events, legitimate debate about the meaning of the Guidelines need not be resolved in favor of the accused. The Rule of Lenity, on which Mrazek leans, is inapplicable to the interpretation of the Guidelines. *United States v. White*, 888 F.2d 490, 497–98 (7th Cir.1989). Our task is to find the best reading of the text, without a thumb on the scale. Mrazek received a colossal benefit when the prosecutor brought only one charge under § 924(c). The Guidelines do not require the court to treat the other two robberies as if they had been unarmed.

AFFIRMED.