48 F.3d 1223
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Gregory Duane BRADLEY, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2601.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 3, 1995.
Filed: Feb. 28, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gregory Duane Bradley pleaded guilty to bank robbery, in violation of 18 U.S.C. Sec. 2113(d), and to possessing a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c). The district court[1] calculated a Guidelines sentencing range of 33- 41 months for the robbery offense and sentenced Bradley to consecutive sentences of 33 months on the robbery offense and 60 months on the weapons offense, followed by four years of supervised release. Bradley subsequently filed a motion under 28 U.S.C. Sec. 2255 to vacate his sentence. After adopting the magistrate judge's[2] report, the district court denied the motion, and Bradley appeals. We affirm.
 
 
 2
 In his section 2255 motion, Bradley argued that the district court incorrectly calculated his Guidelines sentencing range under U.S.S.G. Sec. 2K2.4, comment. (n.2) (Nov. 1991), which describes procedures to be used in sentencing an offender on both a section 924(c) weapon offense and "an underlying offense" (such as the robbery in this case). Bradley argued that the district court miscalculated his sentence, that he was subject to only one sentence for both offenses within a Guidelines range of 57-71 months, and that he received ineffective assistance of counsel. The court rejected Bradley's claims on their merits.
 
 
 3
 We review de novo the denial of Bradley's section 2255 motion and, as it was denied without a hearing, we will affirm only if the record conclusively shows he is not entitled to relief. See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992). We also review de novo the application of the Sentencing Guidelines. United States v. Casares-Cardenas, 14 F.3d 1283, 1288 (8th Cir.), cert. denied, 115 S. Ct. 147 (1994).
 
 
 4
 We agree with the district court that Bradley's sentencing claim fails because the court correctly followed Application Note 2 to section 2K2.4 in calculating the sentencing range for the robbery offense. Specifically, the district court properly refrained from assessing a five-level increase for Bradley's conduct in brandishing a firearm during the robbery. See U.S.S.G. Sec. 2K2.4, comment. (n.2) (specific offense characteristics for use of firearm in connection with underlying offense are not to be applied when defendant also sentenced for section 924(c) weapon offense). Bradley renews the argument he made below that, using an alternative sentencing procedure described in the second paragraph of Application Note 2, he should have been sentenced for both offenses under a single sentencing range.[3] Bradley misapprehends the language in question, which was designed to prevent the anomalous result of an offender receiving a lighter sentence for the underlying offense with a section 924(c) conviction than if he was convicted solely of the underlying offense. See U.S.S.G. App. C, Amend. 405 (Nov. 1991). The district court correctly concluded that Bradley's case did not fall in that category of cases and that the alternative sentencing procedure was thus inapplicable. We reject as meritless Bradley's arguments regarding the ambiguity of the sentencing scheme. See United States v. Mrazek, 998 F.2d 453, 455 (7th Cir. 1993) ("Application Note 2 is not ambiguous").
 
 
 5
 Because the district court correctly calculated Bradley's sentencing range, we also reject as meritless Bradley's renewed claim that counsel allowed him to be sentenced incorrectly. We have carefully considered Bradley's remaining contentions and conclude that they are without merit.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [3]
 The second paragraph of Application Note 2 provides as follows:
 Provided, that where the maximum of the guideline range ... determined by an offense level adjusted under the procedure described in the preceding paragraph, plus the term of imprisonment required under 18 U.S.C. Sec. 924(c) ... is less than the maximum of the guideline range that would apply to the underlying offense absent such adjustment, the procedure described in the preceding paragraph does not apply. Instead, the guideline range applicable to the underlying offense absent such adjustment is to be used after subtracting the term of imprisonment imposed under 18 U.S.C. Sec. 924(c) ... from both the minimum and maximum of such range.
 U.S.S.G. Sec. 2K2.4, comment. (n.2) (1991).