52 F.3d 322
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Roger CORLEY, Jr., Defendant-Appellant.
 No. 94-5271.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 9, 1995
Decided: April 14, 1995
 
 ARGUED: John Stuart Bruce, Deputy Federal Public Defender, Greensboro, NC, for Appellant. Harry L. Hobgood, Assistant United States Attorney, Greensboro, NC, for Appellee.
 ON BRIEF: William E. Martin, Federal Public Defender, Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, NC, for Appellee.
 Before HALL and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jerry Corley appeals the sentence imposed for his convictions for violations of federal firearms laws. We find no error, and we affirm.
 
 
 2
 * Corley was arrested on November 1, 1992, by North Carolina state police. When the police first approached Corley's car, he reached for a gun but was quickly disarmed. A search of his car produced 40.8 grams of crack cocaine, and another 11 grams was seized when Corley tried to hide it in the police car. He was indicted in state court and pleaded guilty to drug possession, trafficking, and conspiracy charges. He was sentenced to ten years in prison on June 21, 1993.
 
 
 3
 One week later, he was indicted in federal court on three counts arising out of the same arrest: (1) possession with intent to distribute 40.8 grams of crack, (21 U.S.C. Sec. 841(a)(1)); (2) use of a firearm in relation to a drug trafficking crime, (18 U.S.C. Sec. 924(c)); and (3) felon in possession of a firearm, (18 U.S.C. Sec. 922(g)(1)). Count 1 was dismissed on the government's motion because it was duplicative of the state conviction.[1] Corley pleaded guilty to the two remaining counts. He was sentenced to a 108-month term of imprisonment on the felon-in-possession count and a consecutive five-year term on the Sec. 924(c) count. Corley appeals the 108-month sentence on Count 3.
 
 II
 
 4
 Corley attacks the manner in which the district court interpreted the Sentencing Guidelines in reaching the offense level for Count 3. He agrees that the district court started out correctly at USSG Sec. 2K2.1 (Nov.1993), Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition. Subsection (c)(1)(A) provides:
 
 
 5
 (c) Cross Reference
 
 
 6
 (1) If the defendant ... possessed any firearm ... in connection with the commission or attempted commission of another offense, ... apply--
 
 
 7
 (A) Sec. 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above. (emphasis added)[2]
 
 
 8
 Corley contends, however, that the court turned down the wrong fork in the road at this point.
 
 
 9
 The sentencing court determined that the uncharged drug conduct should be considered the relevant "other offense" that the Count 3 firearm was possessed "in connection with." In accordance with Sec. 2X1.1(a), the court then turned to the drug guidelines in Part D and, based on 52 grams of crack, the base offense level was set at 32. USSG Sec. 2D1.1(c)(6). The total offense level of 29[3] and a criminal history of III produced a range of 108-120 months.[4] Because the ten-year state sentence was based on the same drug-offense conduct, the 108-month sentence was imposed to run concurrently with the state sentence. USSG Sec. 5G1.3(b).
 
 
 10
 Corley argues that the "other offense" for Sec. 2K2.1(c)'s cross referencing purposes is the only other crime with which he stood convicted in federal court, namely, the Sec. 924(c)(1) charge of use of a firearm in relation to a drug trafficking offense. He suggests that had the court chosen to use this other firearm offense instead of the drug crime, the cross reference would have brought the court to Sec. 2K2.4(a), the offense-level section for Sec. 924(c). This section calls for the use of the statutorily mandated sentence, which, at least in the case of a Sec. 924(c) conviction, is five years.[5] The end result of this would, according to Corley, be a five-year sentence on Count 3.
 
 
 11
 Corley relies on United States v. Vincent, 20 F.3d 229 (6th Cir.1994), a case which also involved a Sec. 924(c) conviction as well as a Sec. 921(g) possessory offense. The Vincent court, in interpreting a background note to Sec. 2K2.4, determined that the Sec. 921(g) conviction should be deemed an "underlying offense" of the Sec. 924(c) conviction.[6] Id. at 240-41. Corley argues that his Sec. 924(c) offense should, under Vincent 's reasoning, be deemed "in connection with" the Sec. 922(g) offense.
 
 
 12
 Corley's contention that the Sec. 924(c) firearm offense should be considered the "other offense" committed "in connection with" the Sec. 921(g)(1) felon-in-possession offense is directly refuted by the commentary to the Guidelines: "As used in [2K2.1](b)(5) and (c)(1), 'another felony offense' and 'another offense' refer to offenses other than explosives or firearms possession or trafficking offenses." USSG Sec. 2K2.1, comment. (n.18) (Nov.1993). This application note, which was in effect on the day of Corley's arrest, is dispositive. See USSG App. C, amend. 471. The meaning of "underlying offense" in the background note to Sec. 2K2.4 is irrelevant to the meaning of "in connection with ... another offense" in Sec. 2K2.1(c)(1).
 
 III
 
 13
 Corley argues that it violates the Double Jeopardy Clause to convict and sentence for drugs in state court, and then turn around and use the same drugs to effectively set the sentence on the Sec. 921(g) firearm count in federal court. Recognizing that the doctrine of dual sovereignty permits prosecution and sentencing in both federal and state courts for the same conduct, see Abbate v. United States, 359 U.S. 187, 195 (1959), he attempts to bring his situation within the sham prosecutions or "tool of the same authorities" exception to the dual sovereignty rule. See In Re Kunstler, 914 F.2d 505, 517 (4th Cir.1990), cert. denied, 499 U.S. 969 (1991) (noting that such an exception may exist). This "exception may only be established by proof that State officials had little or no independent volition in their proceedings." Id. Corley makes no attempt, however, to demonstrate that the North Carolina officials did not act independently, and there is no indication in the record that they did not do so.[7] His argument is without merit.
 
 AFFIRMED
 
 
 [1]
 The Department of Justice has a policy of not duplicating state prosecutions. This "Petite" policy may be circumvented with specific approval from DOJ, and this was done here with regard to the two firearm counts
 
 
 [2]
 The "offense level ... determined above" refers to the result of the calculation under subsections (a) (base offense level) and (b) (specific offense characteristics). The parties give different forecasts of what this calculation would produce. However, inasmuch as the level reached by cross referencing under subsection (c) is greater than any of these forecasts, the level "determined above" is irrelevant
 
 
 [3]
 Three levels were deducted for acceptance of responsibility. USSG Sec. 3E1.1(a), (b)
 
 
 [4]
 The maximum sentence for the offense of conviction, 18 U.S.C. Sec. 922(g)(1), is only ten years. 18 U.S.C. Sec. 924(a)(2). Therefore, although the Sentencing Table provided for a range of 108-135 months, the sentence could not exceed the statutory maximum. USSG Sec. 5G1.1(c)(1)
 
 
 [5]
 USSG Sec. 2K2.4 is limited to three specific offenses, each of which carries a mandatory consecutive sentence: 18 U.S.C. Sec. 924(c); 18 U.S.C. Sec. 844(h), use of firearm or explosive to commit any federal felony; and 18 U.S.C. Sec. 929(a), use of armor piercing ammunition in relation to a crime of violence or a drug trafficking crime
 
 
 [6]
 Although disagreement with Vincent is not necessary to our decision, we note that other courts have reached a different conclusion. See United States v. Mrazek, 998 F.2d 453, 455 (7th Cir.1993) ("[T]he 'underlying offense' must be the crime during which, by using the gun, the defendant violated Sec. 924(c)."); see also United States v. Sanders, 982 F.2d 4, 7 (1st Cir.1992) ("[I]t is a drug trafficking offense which would most clearly be a relevant underlying offense.")
 
 
 [7]
 Corley cites United States v. Paiz, 905 F.2d 1014 (7th Cir.1990), cert. denied, 499 U.S. 924 (1991), to support his assertion that dual prosecutions are allowable only if they resulted from cooperative efforts of the two sovereigns. Paiz, however, does not even hint at the legal conclusion that cooperative efforts are a constitutionally necessary component of dual prosecutions