57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert C. BERRY, Defendant-Appellant.
 Nos. 94-1900, 94-1901.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.
Decided June 8, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Attorney Jon Gray Noll filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting this court to allow him to withdraw as appointed counsel for Robert Berry in Berry's direct criminal appeal. Berry pleaded guilty in July 1993 to two counts of bank robbery, 18 U.S.C. Sec. 2113(a), and one count of use of a firearm during the commission of a crime of violence, 18 U.S.C. Sec. 924(c). In exchange for his plea of guilty, the government moved for dismissal of the fourth charge for use of a firearm in relation to one of the two bank robberies. Berry was sentenced to a term of imprisonment of 102 months for each count of robbery to be served concurrently, and a consecutive term of 60 months for the use of a firearm charge.
 
 
 2
 In his Anders brief, Noll discusses one potentially appealable issue concerning a sentencing enhancement with respect to one of the robberies. In his response, Berry raises numerous issues including whether his plea of guilty was voluntary. Upon consideration of Noll's brief and Berry's response, we are satisfied that the attorney engaged in a thorough search of the record. Penson v. Ohio, 488 U.S. 75, 83 (1988) (quoting McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988)). Because we find that there are no grounds for a nonfrivolous appeal, we grant Noll's motion and dismiss the appeal. Id. at 80; United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 3
 Berry now claims that he did not commit one of the bank robberies and that his attorney provided ineffective assistance of counsel by coercing him to plead guilty. Specifically, Berry contends that he provided defense counsel with the name of an individual who knew the identity of the real suspect and that defense counsel confirmed the story. To establish ineffective assistance of counsel, Berry must demonstrate that his attorney's performance fell below an objective level of reasonableness and that he was prejudiced by his attorney's error such that the result of the proceeding was rendered fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland v. Washington, 466 U.S. 648, 687-88 (1984). After reviewing the plea hearing transcript, we are confident that Berry's plea was knowing and voluntary and that he received effective assistance of counsel.
 
 
 4
 A plea is knowing and voluntary if the defendant is competent, aware of the charges, and advised by competent counsel. United States v. Messino, No. 94-2075, slip op. at 11 (7th Cir. Apr. 13, 1995). A defendant is competent if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and if he has "a rational as well as factual understanding of the proceedings against him." United States v. Collins, 949 F.2d 921, 927 (7th Cir.1991) (quoting Dusky v. United States, 362 U.S. 402 (1960) (per curiam)). Although Berry suffered from peripheral neuropathy and bipolar disorder, depressed type,[1] and was prescribed anti-depressant drugs, both he and the government's counsel stated that they knew of no reason why Berry was not competent to change his plea. Also, all of Berry's psychiatric evaluations indicated that he was competent because he was capable of understanding the proceedings against him and had the capacity to cooperate with defense counsel. Accordingly, there was no evidence to give the district court reasonable cause to doubt Berry's competence. Collins, 949 F.2d at 926 (judge entitled to rely on counsel's and defendant's statements concerning competency).
 
 
 5
 Furthermore, at the hearing, Berry stated that no one had threatened or forced him to plead guilty. Messino, No. 94-2075, slip op. at 11 (guilty plea is voluntary if it was not induced by threats or misrepresentations and the defendant was made aware of the consequences of the plea). Although Berry now alleges that he was coerced by his attorney, we note that Berry was the one who allegedly provided the attorney with the name of a potential witness. Thus, he was fully aware of the existence of any exculpatory evidence at the time of the plea hearing. Moreover, Berry signed the plea agreement, stating that he was "in fact guilty."
 
 
 6
 The record of a properly conducted plea hearing is entitled to a "presumption of verity." United States v. Seybold, 979 F.2d 582, 587 (7th Cir.1992), cert. denied, 113 S.Ct. 2980 (1993) (quoting Key v. United States, 806 F.2d 133, 136 (7th Cir.1986)). Because there is no evidence in the record to indicate otherwise, Berry's voluntary responses made under oath are binding and will not be set aside on direct appeal simply because he now alleges that he was coerced. Id. Also, the record establishes that the district court comprehensively followed the procedures outlined in Federal Rule of Criminal Procedure 11(c) and (d) to ensure that Berry's plea was knowing and voluntary. Accordingly, we find no merit to Berry's claim that counsel provided ineffective assistance by coercing him to plead guilty.
 
 
 7
 Berry's remaining claims of ineffective assistance of counsel are also without merit. Defense counsel did not act like a "United States Attorney" when he asked the court at the plea hearing to inform Berry that the court had the authority to order restitution in addition to a prison term at sentencing, a fact which was not included in the plea agreement signed by Berry. Rather, counsel insured that his client was aware of all the consequences resulting from a plea of guilty in accordance with Federal Rule of Criminal Procedure 11(c)(1). Nor did counsel neglect to argue that Berry's medical condition was a mitigating factor to be considered at sentencing. Finally, Berry's statement that counsel waived oral argument on appeal is misleading. This court, not the parties, decides whether oral argument will be heard in a particular case. Fed.R.App.P. 34(a).
 
 
 8
 With respect to sentencing, the only objection to the Presentence Investigation Report raised by Berry dealt with the five level increase in the base offense level for the possession of a firearm during one of the two bank robberies. Although Berry possessed a gun during both robberies, the enhancement was applied only to the bank robbery count for which he was not also sentenced under 18 U.S.C. Sec. 924(c), use of a firearm. U.S.S.G. Sec. 2K2.4, comment. (n. 2). Before sentencing, Berry objected to the enhancement because he was already subject to a five year mandatory sentence under Sec. 924(c) for the same conduct and therefore the enhancement allegedly constituted double counting. This argument was rejected in United States v. Mrazek, 998 F.2d 453, 455 (7th Cir.1993).[2] The two bank robberies are considered separate offenses, and therefore, a conviction for use of a firearm under Sec. 924(c) in relation to one bank robbery does not preclude an enhancement of the sentence for a different robbery under U.S.S.G. Sec. 2B3.1(b)(2). Id.
 
 
 9
 Berry also contends that he should have received three points instead of the two points awarded him by the district court for acceptance of responsibility. Because the issue was not raised before the district court, it is reviewed for plain error only. United States v. Atkinson, 979 F.2d 1219, 1222 (7th Cir.1992).
 
 
 10
 Shortly after his arrest in March 1992 for the robberies of the State Bank of Lincoln in Cornland, Illinois ("Cornland robbery") and the Bank of Kenney in Kenny, Illinois ("Kenney robbery"), Berry confessed to both of these crimes. In March 1993, however, he entered a plea of not guilty to all of the charges.[3] The following month, he filed a motion to suppress his statements regarding the Cornland robbery, alleging that the FBI agents who questioned him coerced his confession by mentioning the possible involvement of Berry's son in the robbery. The motion was denied and Berry entered pleas of guilty to both bank robberies in July, on the third day of a jury trial involving the Kenney bank robbery.
 
 
 11
 Berry was not entitled to a third point for acceptance of responsibility. Under Sec. 3E1.1(b)(1), a defendant may receive an additional one level reduction in his offense level if he timely provides complete information to the authorities concerning his own involvement in the offense. Here, however, Berry's subsequent denial of his role in the Cornland bank robbery negated his earlier assistance to the FBI agents. Cf. United States v. Francis, 39 F.3d 803, 809 (7th Cir.1994) (defendant retracted portions of his earlier statement). Furthermore, Berry's delay in entering a plea of guilty until the third day of trial disqualifies him for an additional reduction under Sec. 3E1.1(b)(2) because he did not notify the government of his intention to plead guilty early enough so that it could avoid preparing for trial. See Francis, 39 F.3d at 808; United States v. Robinson, 14 F.3d 1200, 1203 (7th Cir.1994).
 
 
 12
 Finally, Berry contends that the sentencing court erred in failing to grant a downward departure under Sec. 5H1.4 of the Sentencing Guidelines due to his medical condition. This court is without jurisdiction to review the sentencing court's decision denying such a departure. United States v. Burrows, 48 F.3d 1011, 1019 (7th Cir.1995). Moreover, we note that even though Berry's counsel initially requested a downward departure, he subsequently modified his request, seeking to have the court sentence Berry to the low end of the applicable guideline range. The court declined, finding that Berry's medical condition was not "particularly mitigating" because the Bureau of Prisons could adequately attend to his medical needs.
 
 
 13
 Accordingly, we are in agreement with defense counsel that this case does not present any nonfrivolous issues for appeal. The motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 Neuropathy is the functional disturbance or pathological change in the peripheral nervous system. Dorland's Illustrated Medical Dictionary 1132 (28th ed. 1994). Bipolar disorder is a mood disorder characterized by the occurrence of both manic and depressive episodes. Id. at 201, 492
 
 
 [2]
 Berry also argues in his response that his attorney provided ineffective assistance by bringing the Mrazek case to the court's attention. We disagree. The PSI first recommended a five-level enhancement for the one bank robbery to which defense counsel subsequently objected. Moreover, defense counsel was obligated to disclose to the court legal controlling authority known to him to be directly adverse to the position of his client and which had not been disclosed by opposing counsel. Illinois Rules of Professional Conduct 3.3(a)(3)
 
 
 [3]
 Berry waived his right to a speedy trial on October 30, 1992 to facilitate additional competency evaluations