87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Alex WILSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Diahann BISCHOFF, Defendant-Appellant.
 Nos. 95-30261, 95-30267.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided June 5, 1996.
 
 Before: LAY,* CHOY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 These appeals present two fundamental issues. The first issue is whether the government violated its plea agreement with Joseph Alex Wilson by recommending that he be given a five-level enhancement for use of a firearm pursuant to U.S.S.G. § 2B3.1(b)(2)(C), and whether the district court erred by so enhancing his sentence. The second issue involves both Wilson and his fiancee, co-defendant Diahann Bischoff, who assert that the district court acted unreasonably in imposing a mutual "no contact" restriction upon them as a condition of their supervised release.
 
 I. The Alleged Plea Agreement Violation
 
 3
 Wilson entered into a plea bargain with the government whereunder he pleaded guilty to two counts of armed bank robbery under 18 U.S.C. § 2113(a), (d), and to a separate count of using a weapon under 18 U.S.C. § 924(c). In exchange for the plea, the government dismissed a fourth count under § 924(c), for use of a firearm in the second bank robbery. The district court sentenced Wilson to a 170-month prison term, to be followed by a five-year term of supervised release.[1] In calculating the sentence under Count Three (the second bank robbery), the district court imposed a five-level enhancement for brandishing a firearm in the commission of the offense, pursuant to U.S.S.G. § 2B3.1(b)(2)(C). As Wilson's counsel concedes, this was a correct application of the Guidelines under Application Note 2 to U.S.S.G. § 2K2.4, which provides that, where a sentence is also imposed under 18 U.S.C. § 924(c), specific offense characteristics for a firearm are not, in order to avoid double counting, to be applied. See, e.g., United States v. Duran, 4 F.3d 800, 804 (9th Cir.1993), cert. denied, 114 S.Ct. 894 (1994). In dismissing the fourth count under § 924(c), Wilson avoided a sentence of twenty years consecutive to the sentence he already had received.[2]
 
 
 4
 Wilson's complaint is that the district court erred in giving him a five-level enhancement for use of the firearm, since the government did not reserve its right to do so under the principles of United States v. Shackley, 995 F.2d 166 (9th Cir.1993), United States v. Faulkner, 934 F.2d 190 (9th Cir.), as amended on denial of reh'g, 952 F.2d 1066 (9th Cir.1991), and United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1991). In the latter cases, this court recognized that a plea bargain is a contract, and that the bargain is violated if the government dismisses a charged count and then relies on the conduct underlying the dismissed count in arguing for an enhancement of the sentence imposed on the remaining counts.
 
 
 5
 The government urges that the underlying conduct in Shackley, Faulkner and Castro-Cervantes, arose before the effective date of the following amendment to U.S.S.G. § 6B1.2(a), which took effect on November 1, 1992:
 
 
 6
 Provided, that a plea agreement that includes the dismissal of a charge or a plea agreement not to pursue a potential charge shall not preclude the conduct underlying such charge from being considered under the U.S.S.G. § 6B1.2(a) provisions of § 1B1.3 (Relevant Conduct) in connection with the count(s) of which the defendant is convicted.
 
 
 7
 U.S.S.G. § 6B1.2(a) (second emphasis added). The Commentary was also amended by the following language:
 
 
 8
 The second paragraph of subsection (a) provides that a plea agreement that includes the dismissal of a charge, or a plea agreement not to pursue a potential charge, shall not prevent the conduct underlying that charge from being considered under the provisions of § 1B1.3 (Relevant Conduct) in connection with the count(s) of which the defendant is convicted. This paragraph prevents a plea agreement from restricting consideration of conduct that is within the scope of § 1B1.3 (Relevant Conduct) in respect to the count(s) of which the defendant is convicted; it does not in any way expand or modify the scope of § 1B1.3 (Relevant Conduct).
 
 
 9
 U.S.S.G. § 6B1.2(a), comment. (backg'd.) (emphasis added). Wilson was sentenced on August 4, 1995, for crimes committed in 1994. Accordingly, these amendments are controlling and restrict the application of Shackley to situations in which the relevant conduct being considered does not underlie the counts for which a defendant is convicted. Unless the plea agreement explicitly provides otherwise, the sentencing judge is now presumed to be free to consider such relevant conduct in enhancing a sentence.
 
 
 10
 Moreover, Faulkner and Castro-Cervantes are distinct in another respect: they involved convictions under 18 U.S.C. § 2113(a) for unarmed bank robbery. See Faulkner, 952 F.2d at 1068; Castro-Cervantes, 927 F.2d at 1080. Here the second bank robbery is admittedly an armed robbery, and Wilson in fact held his gun to the head of one of the tellers. To accept his argument would allow his plea of guilty to armed robbery to be reduced to a plea of guilty to unarmed robbery. The five-level enhancement simply constitutes a specific characteristic of the offense committed, to wit, armed robbery. As the Seventh Circuit has stated in addressing a substantially similar situation:
 
 
 11
 Nothing has been counted twice. There were three robberies, all armed. The gun was taken into account once per robbery--via § 2B3.1(b)(2)(C) for the first two robberies, and via § 924(c) for the third robbery. The Guideline enhancement for all three robberies would have disappeared had there been three § 924(c) charges, but that would have added 40 years to the sentence. Mrazek contends that he should be treated just as if the first two robberies were unarmed. Yet why should three armed robberies be treated identically to one armed and two unarmed robberies? Both the Guidelines and § 924(c) recognize that armed crimes are more serious.
 
 
 12
 United States v. Mrazek, 998 F.2d 453, 455 (7th Cir.1993).
 
 
 13
 In short, this use of the enhancement involves no double counting, as the second robbery count under § 924(c) was dismissed. Furthermore, even without consideration of the amendment, the dismissal of count four under § 924(c) is not considered by the court qua relevant conduct, because the five-level enhancement is nothing more than an application of the specific characteristic of the offense to which Wilson pleaded guilty.
 
 II. Conditions of Supervised Release
 
 14
 Diahann Bischoff, who drove the get a way car for Wilson in both robberies, was also charged by indictment with two counts of armed robbery, in violation of 18 U.S.C. §§ 2, 2113(a), (d). Bischoff pleaded guilty and was sentenced to a 25-month term of imprisonment, to be followed by a five-year term of supervised release. As a condition of her supervised release, Bischoff is not to have contact with Wilson, who is the father of her infant child. The child was fourteen months old at the time of the sentencing and, although Bischoff and Wilson were not married, they had been involved in a long-term relationship. Bischoff contends that the no-contact order of the district court should be stricken because it is neither reasonably related to the protection of the public, nor to her rehabilitation, and does not, therefore, accomplish the goals of sentencing. She also urges that the district court improperly delegated to the probation office the discretion to determine whether, and in what circumstances, any contact may be made during that same period of time.
 
 
 15
 We uphold the specific condition of the supervised release. U.S.S.G. § 5D1.3(b) grants the district court great latitude to impose reasonable conditions of supervised release,[3] and the district court properly considered Wilson's negative influence upon Bischoff. We deem the no-contact restriction valid since it is designed to meet the purposes of rehabilitation and is reasonably related to those purposes. It is axiomatic that a district court has broad discretion to prohibit association between and among convicted felons. Although Bischoff and Wilson were allegedly engaged to be married, they do not enjoy the legal status of marriage. Moreover, in his statement at the sentencing hearing, Bischoff's counsel told the district court that Bischoff acted at Wilson's request in the robberies because "her will was overcome[,] ... she felt that it was important for her at that point in time to maintain that relationship, ... [a]nd those factors overcame whatever resistance she had to becoming involved in this offense." Govt's SER at 15. We find no abuse of discretion in such circumstances.
 
 
 16
 Both Bischoff and Wilson further contend that the district court improperly delegated to the probation office a judicial function to implement the condition of supervision. The district court specifically provided that the no-contact restriction between Bischoff and Wilson was "subject to the discretion of [the probation officer] as to the nature of the contact." Gov't's SER at 28. We find neither an abuse of discretion nor an improper delegation, however, when the court retains and exercises ultimate responsibility and the right to review findings of non-judicial officers. The court made its intention to exercise such responsibility clear at the sentencing proceedings when, while discussing this discretionary supervision, it stated:
 
 
 17
 If the contact goes to ... undue influence, that maybe [sic] bring about something on the order of why we're here today, that's the kind of contact that I'm concerned about.... I'm going to leave it up to the probation department to look at it, and if it's something that should be brought to my attention, I will look at it and I will make a judgment based on that.
 
 
 18
 Gov't's SER at 29. Cf. United States v. Gracia, 755 F.2d 984, 991 (2d Cir.1985) (permitting probation officer to restrict associations of convicted felon where reviewable by district court). We think the district court's order makes it clear that, if Bischoff wishes to seek a modification of the no-contact restriction, she may first make a request with the probation officer and, then, if necessary, with the court, at the time of her supervised release.
 
 Wilson
 
 19
 Wilson too challenges the no-contact order, as it relates to him and Diahann Bischoff during the time of his sentence and for the following sixty months of supervised release. Wilson asserts (without citation of authority) that this condition violates his constitutional right of the freedom of association.
 
 
 20
 We dismiss Wilson's claim as without merit. Restrictions on the associational freedoms of convicted felons have been a long-standing concern within the discretion of the district courts, and such restrictions have never been held to violate basic fundamental rights. As we have indicated, Wilson exercised undue influence on Bischoff and, as he concedes, he was responsible for Bischoff's involvement in the crime. See Gov't's SER at 42. ("I am most sorry about getting Diahann involved in this. She is a good person who would never have done something wrong on her own. So I'm responsible for what I did and for what she did. I got her into this thing, and I wish I never had.") Accordingly, we once again refer both defendants to the district court's order. Should it be determined that contact would not result in undue influence upon Bischoff, the probation officer and the district court possess the discretion to modify the no-contact restriction. We are unable to hold at this time, however, that such a condition constitutes an abuse of discretion or is arbitrary in any way. In approving the order, we merely emphasize that, if there are circumstances under which either party is able to demonstrate to the probation department or to the district court a need to modify these restrictions, they are free at an appropriate time to seek such modification.
 
 
 21
 The order of sentencing as to Wilson, and the terms and condition of probation, are within the discretion of the district court.
 
 
 22
 Judgment AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The calculation for the offense for which there was no § 924(c) charge was as follows: 20 levels for robbery, plus 5 levels for display of the firearm, plus 2 levels for taking the property of a financial institution, plus 1 level under the grouping guideline, U.S.S.G. § 3D1.4, less 3 levels for acceptance of responsibility, for a total of 25. A Level 25 with a Criminal History Category VI yields a sentencing range of 110-137 months. The district court sentenced Wilson at the low end of the range, to 110 months, plus the mandatory sixty months under § 924(c), for a total of 170 months
 
 
 [2]
 Section 924(c) provides that, on a second or subsequent conviction under this section, the sentence shall be 20 years, to be added consecutively to the underlying conviction
 3 U.S.S.G. § 5D1.3(b) (emphasis added) provides:
 The court may impose other conditions of supervised release, to the extent that such conditions are reasonably related to (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §§ 3553(a)(2) and 3583(d).