The argument on this issue is essentially the same as above, except that it is based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In this oft-cited case, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The argument proceeds that the imposition of the brandishing enhancement should have required proof beyond a reasonable doubt under the teachings of *Apprendi*. This argument fails for the same reason as the "double counting" argument failed. Six separate crimes occurred, three robberies and the use of a firearm in each of those robberies. The three concurrent 97-month sentences represented punishment for five of the crimes and the 60-month consecutive sentence punished the sixth crime.

## IV.

The sentence of Griffis is **AFFIRMED**.

---

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0079P (6th Cir.)
File Name: 02a0079p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 00-6121

LEONARD RAY GRIFFIS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
Nos. 98-00019; 00-00007; 00-00041—Robert L. Echols,
Chief District Judge.

Argued: December 7, 2001

Decided and Filed: March 5, 2002

Before: SILER and BATCHELDER, Circuit Judges;
HOOD, District Judge.[*]

———————

## COUNSEL

**ARGUED:** William B. Bruce, BRUCE, WEATHERS, CORLEY & LYLE, Nashville, Tennessee, for Appellant. Robert C. Watson, ASSISTANT UNITED STATES

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** William B. Bruce, BRUCE, WEATHERS, CORLEY & LYLE, Nashville, Tennessee, for Appellant. Harold B. McDonough, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. Leonard Ray Griffis, Manchester, Kentucky, pro se.

_____

## OPINION

_____

JOSEPH M. HOOD, District Judge. Leonard Ray Griffis ("Griffis") appeals his sentence on three counts of armed robbery, in violation of 18 U.S.C. § 2113, and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). For the reasons which follow, we **AFFIRM.**

### I.

Griffis entered guilty pleas in the Middle District of Tennessee to both counts of the indictment filed against him in that District. Count One charged him with armed bank robbery committed on December 10, 1996 in Crossville, Tennessee, in violation of 18 U.S.C. § 2113. Count Two charged him with use of a firearm during the commission of that robbery, in violation of 18 U.S.C. § 924(c). Griffis also entered a guilty plea to a one count indictment filed in the Middle District of Florida for armed bank robbery committed in Tavares, Florida on December 22, 1995, as well as to a one count indictment filed in the Southern District of Indiana for armed bank robbery committed in Greendale, Indiana on August 15, 1995. The charges filed in Florida and Indiana were transferred to the Middle District of Tennessee for consolidated disposition. *See* Fed. R. Crim. P. 20.

In Griffis's Presentence Investigation Report (PSR), the probation officer recommended that he receive a 5 level enhancement in his offense level for both the Florida and Indiana robberies, pursuant to United States Sentencing

The district court's approach reflects this; Mrazek's does not.

*Mrazek,* 998 F.2d at 455.

As the government notes in its brief, the amendment to Application Note 2 of the USSG § 2K2.4 (effective November 1, 2000) reads: "However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction." Though not in effect at the time of Griffis's sentencing, this amendment reflects the conclusion reached by the Seventh Circuit in *Mrazek* and the other circuits considering this issue. As the quotation from *Mrazek* highlights, the policy suggested by Griffis's interpretation would lead to the absurd result that he receive a sort of "bulk discount" for crimes – "three gun threats for the price of one."

In his reply brief, Griffis argues that counsel misunderstood him and his real objection. He contends he is being punished for using the same gun in both the brandishing and § 924(c) violation, and all of the robberies were part of the same course of conduct. Therefore, he should only be punished once for its use. Of course, this distinction does not change the above analysis. There should be no benefit in committing multiple crimes with the same weapon as opposed to using different weapons for each crime. The crime is using the weapon during the commission of a crime of violence. Griffis discusses several cases in support of his argument, none of which even remotely support it.

Although there is no evidence in the record that supports Griffis's contention that he used the same weapon in each robbery, that would not change the result. It makes not a whit of difference that Griffis supposedly used the same firearm in robbing three different banks. The point is that he used a firearm to do so.

consecutive to the 97-month sentences.  *See* 18 U.S.C. § 924(c)(1)(D)(ii) (requiring that sentences for violations of this subsection run consecutively to all other sentences). Thus, it is clear that Griffis is not being punished twice for the same conduct.

All of the circuits which have addressed this issue have agreed that a brandishing enhancement and § 924(c) count are not cumulative punishment when assessed for separate offenses.  *See, e.g., United States v. Chin-Sung Park*, 167 F.3d 1258 (9th Cir. 1999) (holding that no impermissible double-counting occurred under sentencing guidelines when enhancements for brandishing a firearm were added to offense levels for two armed robberies committed by defendant who was also being sentenced to consecutive prison sentence for use of firearm in relation to another robbery because defendant was being punished only once for brandishing a firearm in each robbery); *United States v. Blake*, 59 F.3d 138, 140 (10th Cir. 1995) (same); *United States v. Mrazek*, 998 F.2d 453 (7th Cir. 1993) (same).  In fact, *Mrazek* dealt with an almost identical situation.  Mrazek pled guilty to three counts of armed robbery and one count under § 924(c).  Part of the plea agreement was that the prosecutor would only charge Mrazek with one § 924(c) count.  But, Mrazek appealed his sentence because his offense level was enhanced for brandishing a weapon in the other two robberies.  The Seventh Circuit concluded:

> Nothing has been counted twice. There were three robberies, all armed. The gun was taken into account once per robbery--via § 2B3.1(b)(2)(C) for the first two robberies, and via § 924(c) for the third robbery. The Guideline enhancement for all three robberies would have disappeared had there been three § 924(c) charges, but that would have added 40 years to the sentence. Mrazek contends that he should be treated just as if the first two robberies were unarmed. Yet why should three armed robberies be treated identically to one armed and two unarmed robberies? Both the Guidelines and § 924(c) recognize that armed crimes are more serious.

Guidelines (USSG) § 2B3.1(b)(2), as he brandished a firearm in each of those robberies.  The PSR did not recommend such enhancement for the Tennessee robbery because the Defendant had pled guilty to a violation of § 924(c) for using a firearm during the commission of that robbery.  Thus, the PSR recommended an offense level of 28 for the Indiana and Florida robberies, respectively, and an offense level of 25 for the Tennessee robbery.  A multiple-count adjustment, pursuant to USSG § 3D1.4, was applied to the offense level for all three robberies, resulting in a combined adjusted offense level of 31.  Griffis received a 3 level credit for acceptance of responsibility, lowering his total offense level to 28.  Combined with a criminal history category of III, Griffis's guideline sentencing range for the three bank robberies was 97 to 121 months.

On August 9, 2001, a sentencing hearing was held.  The district court adopted the factual findings and guideline applications of the PSR.  The court sentenced Griffis to 97 months, the minimum under his sentencing range, for each robbery, with the sentences to run concurrently.  The court then imposed, as required by the statute, a consecutive sentence of 60 months for the § 924(c) offense.  In addition, the court imposed 4 years supervised release to follow Defendant's incarceration and ordered restitution for the money stolen.

On August 15, 2000, Griffis timely noted his appeal of the district court's sentence.

## II.

A defendant may seek review of his sentence only on the grounds that: (1) the sentence was imposed in violation of law; (2) the sentence was imposed as a result of an incorrect application of the sentencing guidelines; (3) the sentence represents an upward departure from the applicable guidelines range; or (4) the sentence was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.  18 U.S.C. § 3742(a); *United States v. Velez*, 1 F.3d 386, 389 (6th Cir. 1993) (holding that an appellate court

is without jurisdiction to review any sentence within the guideline range unless the appellant raises a constitutional question).

When reviewing the district court's application of sentencing guidelines, this court reviews its factual findings for clear error and its legal conclusions *de novo*. *United States v. Rutana*, 18 F.3d 363, 365 (6th Cir. 1994).

## III.

Griffis raises two issues on appeal. The first issue alleges that he was penalized twice for his use of a gun during the robberies. The second issue raises the same point, but contends that the "double counting" is in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The first issue is in an awkward procedural posture as the Griffis's court-appointed counsel raised both issues in his initial brief. In his reply brief, however, Griffis, writing *pro se*, disavows the argument of his counsel as to this first issue, conceding that the government should prevail on this point and discussing the argument that he had allegedly instructed his counsel to make. Nevertheless, this problem is simplified in that there is really neither a substantive difference between nor merit to either argument.

Counsel states that "[t]he issue in Mr. Griffis' case was whether the sentence for the § 924(c) violation should run consecutive to the adjusted offense level for the Greendale, Indiana and Tavares, Florida bank robberies, which included a five-level increase for brandishing a weapon, or whether it should run consecutively to the adjusted offense level of 25 for the Crossville, Tennessee robbery, which did not include a five-level increase for brandishing a weapon." In essence, counsel contends that because the sentencing guidelines provide for a single offense level for the three armed robberies, which include enhancements for brandishing in two of the robberies, and the sentence for the § 924(c) violation is run consecutive to that sentence, Griffis is being unfairly penalized both for brandishing a weapon and using and

carrying a firearm during and in relation to a crime of violence.

This point would be well-taken if Griffis had been charged with a single count of armed robbery and a § 924(c) violation, in which case his offense level would have been enhanced for brandishing a weapon. In such a case, a § 924(c) sentence and a brandishing enhancement would be double counting. In this case, however, Griffis committed three armed robberies and used a firearm in each of those robberies. So it would have been appropriate for him to be charged with three counts of armed robbery and three § 924(c) violations. In the alternative, it would have been appropriate for him to be charged with three counts of armed robbery, with each offense level enhanced for brandishing a weapon. As § 924(c) requires a sixty-month consecutive sentence and three consecutive sentences would be a severe punishment,[1] the government elected to charge only one count under § 924(c) and enhance the offense level of the other two robberies for brandishing a weapon. The sentencing guidelines then require that the adjusted offense levels for the three bank robberies be combined under the multiple-count adjustment of § 3D1.4. The PSR recommended an offense level of 28 for both the Indiana and Florida robberies, including a brandishing enhancement for each robbery. The PSR recommended an offense level of 25 for the Tennessee robbery, which included no brandishing enhancement. Applying § 3D1.4, the combined adjusted offense level was 31, which was adjusted downward by 3 levels for the Defendant's acceptance of responsibility credit. An offense level of 28 combined with the Defendant's criminal history category resulted in a guideline range of 97 to 121 months. The district court sentenced the Defendant to the minimum 97 months for each robbery, to run concurrently. Then, pursuant to § 924(c), the court imposed a sentence of 60 months to run

---

[1] The punishment would have been especially severe, as "[i]n the case of a second or subsequent conviction under this subsection, the person shall — be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C).