**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terrance Jermaine LEWIS; Carlos Long; Kevin Murrell; Andre Na-thaniel, Defendants–Appellants.**

No. 00–6586, 00–6650, 00–6651, 00–6652.

United States Court of Appeals,
Sixth Circuit.

Aug. 15, 2002.

Before BATCHELDER and CLAY, Circuit Judges; ALDRICH, District Judge.[*]

BATCHELDER, Circuit Judge.

Defendant Terrance Jermaine Lewis appeals a six-level enhancement of the sentence for one of his two bank robbery convictions as impermissible double counting. Defendants Carlos Long, Kevin Murrell and Andre Nathaniel appeal their sentences from convictions for violation of 18 U.S.C. § 924(c)(1) as violating *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Finding that there was no double counting and that, in light of *Harris v. United States*, —— U.S. ——, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), there was no *Apprendi* violation, we affirm.

I.

A grand jury for the Western District of Tennessee returned a four-count indictment against all four of these defendants on June 15, 2000. Count one charged them with a violation of 18 U.S.C. § 2113(a), (d), and 18 U.S.C. § 2, for the attempted robbery of the Bank of Mason in Mason. Tennessee. Count two charged them with a violation of 18 U.S.C. § 924(c)(1), and 18 U.S.C. § 2, for using and carrying a firearm during the Bank of Mason robbery. In count three they were charged with violating 18 U.S.C. § 2113(a), (d), and 18 U.S.C. § 2, for the robbery of the Bank of Piperton in Piperton, Tennessee. In count four they were charged with a violation of 18 U.S.C. § 924(c)(1), and 18 U.S.C. § 2, for their use and carrying of firearms during the Bank of Piperton robbery. Each of the defendants entered into a plea agreement in which he pleaded guilty to counts one, three, and four, and the Government agreed to dismiss count two.

The district court sentenced Long, Murrell, and Nathaniel to sixty-three months for counts one and three to run concurrently. The district court sentenced Lewis to seventy months on each count to run concurrently. Finding that firearms were discharged during the robbery of the Bank of Piperton, the robbery charged in count three, the court sentenced each defendant to a consecutive term of 120 months on count four under § 924(c)(1)(A)(iii).

II.

*Defendant Lewis*

 Lewis argues that the imposition of a six-level enhancement under United States Sentencing Guidelines § 2B3.1(b)(2)(B) for count one was unconstitutional given the sentence for the § 924(c) violation charged in count four because the enhancement impermissibly counted the same conduct twice. Lewis also makes a perfunctory, two-sentence

---

[*] The Honorable Ann Aldrich, United States District Judge, Northern District of Ohio, sitting by designation.

claim in his appellate brief that his § 924(c) sentence should not be consecutive to the sentence on count one, and—for the first time, and only in his reply brief—raises an *Apprendi* objection to the § 924(c) sentence. Because neither of the latter two objections has been properly raised,[1] we will address only his objection to the sentence on count one. We review the district court's conclusions of law concerning the Sentencing Guidelines de novo. *United States v. Smith,* 73 F.3d 1414, 1416 (6th Cir.1996). We review for clear error the district court's factual findings. *United States v. Brown,* 237 F.3d 625, 626 (6th Cir.2001).

■ Our recent opinion in *United States v. Griffis,* 282 F.3d 443 (6th Cir.2002), controls this issue and requires us to reject Lewis's argument. Griffis argued that the consecutive sentence under § 924(c) for conduct occurring during one of his three bank robberies, where the other two sentences for robbery convictions were enhanced pursuant to the Guidelines, constituted double counting. *Id.* at 446. We ruled, in accord with all other circuits to address the issue, that "a brandishing enhancement and § 924(c) count are not cumulative punishment when assessed for separate offenses." *Id.* at 447. Following *Griffis* we conclude that Lewis's sentence includes no double counting because the six-level enhancement was applied to count one while the § 924(c) charge was based on the conduct charged in count three. This assignment of error is meritless.

### Defendants Nathaniel, Murrell and Long

These three defendants raise only an *Apprendi* challenge to their sentences. None of them, however, raised any *Ap-*

*prendi* objection prior to entering a guilty plea. None of them entered a conditional plea of guilty, reserving the right to raise on appeal the claim that whether a weapon was discharged during the offense, the fact which would be the basis for an increased mandatory minimum sentence for the § 924(c)(1) offense, was not contained in the indictment. Each of them did, however, raise the issue at sentencing. In *United States v. Cotton,* —— U.S. ——, ——, 122 S.Ct. 1781, 1786, 152 L.Ed.2d 860 (2002), the Court confirmed that the law remains well-settled that indictments can be amended only on resubmission to a grand jury, and that objections to the indictment must be timely raised in the district court. But the Court has yet to address the appropriate standard of review for an *Apprendi* challenge that follows a guilty plea where no timely objection was made to the indictment's failure to include the facts that would increase the penalty beyond the statutory maximum. We need not resolve this question here because the Supreme Court's recent decision in *Harris* is dispositive of the claims of all three of these defendants regardless of what standard of review we apply.

■ The defendants, citing to *United States v. Ramirez,* 242 F.3d 348 (6th Cir. 2001), and *United States v. Flowal,* 234 F.3d 932 (6th Cir.2000), argue that since their convictions following their guilty pleas were for violation of § 924(c)(1)(A) which did not specify the particular subsection, they are subject only to the statutory minimum penalty of five years. Because they were sentenced under the subsection of § 924(c)(1)(A) that requires a ten-year mandatory minimum, based on the district court's finding by a prepon-

---

1. A party's failure to raise an issue before the district court generally operates to waive that issue, *see Taft Broad. Co. v. United States,* 929 F.2d 240, 244 (6th Cir.1991); and issues raised only in a perfunctory manner are waived, *see United States v. Layne,* 192 F.3d 556, 566 (6th Cir.1999).

derance of the evidence that a firearm was discharged during the robbery, the defendants argue their sentences violate the rule announced in *Apprendi.* The Supreme Court has now definitively held that "[18 U.S.C.] § 924(c)(1)(A) defines a single offense. The statute regards brandishing and discharging as sentencing factors to be found by the judge, not offense elements to be found by the jury." *Harris,* —— U.S. at ——, 122 S.Ct. at 2414. Further, four members of the Court have explicitly said that facts affecting only a statutory minimum—but not a statutory maximum—sentence need not be charged in the indictment or found by the jury beyond a reasonable doubt, but are facts that may be found by the judge. *Id.* at 2418–19 (plurality opinion). A fifth justice, while not joining in that plurality opinion, opined that in his view, the Sixth Amendment does not even require the result the Court reached in *Apprendi,* much less that facts affecting the statutory minimum sentence be included in the indictment and found beyond a reasonable doubt. *Id.* at 2420–21 (Breyer, J., concurring in part and concurring in the judgment). Finally, the majority of the Court reaffirmed *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (upholding the constitutionality of a Pennsylvania statute that mandated a minimum sentence of five years for certain felonies where the judge found, by a preponderance of the evidence, that the defendant visibly possessed a firearm during the crime) and,

employing the approach outlined in [*McMillan*], . . . conclude[d] that the federal provision at issue, 18 U.S.C. § 924(c)(1)(A)(ii), is constitutional. Basing a 2–year increase in the defendant's minimum sentence on a judicial finding of brandishing does not evade the requirements of the Fifth and Sixth Amendments . . . .

. . . We hold only that the Constitution permits the judge to [find the facts giving rise to the minimum sentence].

*Harris,* —— U.S. at ——, 122 S.Ct. at 2420.

Accordingly, we conclude that an *Apprendi* challenge to a minimum sentence based on the sentencing court's finding of the facts affecting the statutory minimum will no longer lie.

### CONCLUSION

We therefore **AFFIRM** the judgment of the district court.