NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2010
Decided May 28, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3509

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 CR 875-1 |
| DAVID L. NEWTON, | |
| *Defendant-Appellant*. | Elaine E. Bucklo, *Judge*. |

**O R D E R**

David Newton robbed two Chicago-area banks over the course of two weeks. Newton fired a gun during each robbery but nobody was shot. He pleaded guilty to two counts of bank robbery, 18 U.S.C. § 2113(a), and one count of using a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii). The district court sentenced him below the guidelines range to 100 months' imprisonment for the bank robberies and a mandatory consecutive term of 120 months' imprisonment for using the firearm. Newton appeals, but his appointed counsel has requested permission to withdraw his representation because he cannot find any nonfrivolous grounds for the appeal. See *Anders v. California*, 386 U.S. 738 (1967). Newton did not take advantage of an opportunity to submit a reply under Circuit Rule 51(b), so we review only the potential issues identified by counsel. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel appears to have concluded from Newton's notice of appeal that Newton wants to challenge the validity of his plea, so counsel begins by considering whether Newton could argue that his plea colloquy violated Rule 11 of the Federal Rules of Criminal Procedure. See *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Like counsel, we conclude that this argument would be frivolous because the district court conducted a colloquy that conformed with the requirements of Rule 11.

Counsel next considers whether Newton could challenge as impermissible double-counting the sentence enhancement he received for using a weapon during a robbery; Newton's 120-month consecutive term on the § 924(c) conviction, counsel notes, is also premised on the use of a weapon during a robbery. This argument, too, would be frivolous. There is no double counting where a defendant who committed multiple armed robberies receives a § 924(c) conviction for one robbery and a weapons-related enhancement for the other. See *United States v. Katalinic*, 510 F.3d 744, 747 (7th Cir. 2007); *United States v. Mrazek*, 998 F.2d 453, 455 (7th Cir. 1993).

Counsel also considers whether Newton could challenge his sentence as unreasonable. But 100 months is below the guidelines range, properly calculated by the district court, for the counts that did not carry mandatory terms, and is thus presumptively reasonable. See *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Moreover, counsel can identify no error in the district court's analysis of the sentencing factors under 18 U.S.C. § 3553(a). Indeed, the sentencing transcript shows that the district court adequately considered all of the § 3553(a) factors, including the dangerousness of armed robbery, Newton's criminal history, and his difficult upbringing.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.