**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Norbert BREINIG, Defendant–Appellant.**

### No. 94–1292.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 6, 1995.

Decided and Filed Dec. 1, 1995.

Karen L. Reynolds, Blondell Morey, Asst. U.S. Atty., Office of U.S. Atty., Detroit, MI, for plaintiff-appellee.

Richard M. Lustig (argued and briefed), Richard M. Lustig, P.C., Birmingham, MI, for defendant-appellant.

Before: LIVELY, RYAN, and SILER, Circuit Judges.

RYAN, Circuit Judge.

Defendant, Norbert Breinig, together with his former wife, Joan Moore, was charged with violating 26 U.S.C. § 7201 by wilfully attempting to evade and defeat federal income taxes for the years 1986 and 1987. The district court ordered a joint trial of the defendants. Because he anticipated that there would be antagonistic defenses, Breinig moved for severance and a separate trial under Fed.R.Crim.P. 14, which the district court denied.

Moore presented a defense of diminished capacity to negate her *mens rea,* which required the introduction of highly prejudicial evidence of Breinig's bad character; evidence that would not have been admissible against Breinig had he been tried alone. At the conclusion of a jury trial, Breinig was convicted and Moore was acquitted.

For the reasons we explain below, we REVERSE the defendant's conviction and sentence, and REMAND for further proceedings consistent with this opinion.

**I.**

On April 8, 1993, a federal grand jury indicted the defendant and his former wife, Joan Moore, on two counts of willfully attempting to evade and defeat their federal income taxes for the tax years 1986 and 1987, in violation of 26 U.S.C. § 7201. The indictment alleged that both parties wilfully underreported income they had earned through their family-run lawn-mowing and snowplowing business.

The district court decided to try both defendants together pursuant to Fed.R.Crim.P. 8(b). Prior to trial, Breinig moved for severance and a separate trial under Fed. R.Crim.P. 14, a motion in which Moore joined. Breinig claimed his proposed defense would be "violently antagonistic" to that of his former wife; Moore, in turn,

claimed that she could not endure sitting through a joint trial with Breinig "without breaking down." The trial court denied both motions and their joint trial proceeded as scheduled. The facts relating to the tax evasion charges are not important for purposes of this appeal. The only issue on appeal is the denial of severance and a separate trial for defendant Breinig.

The trial took place against a backdrop of severe antagonism between the defendants; their relationship was hostile since before their divorce. At trial, each defendant denied responsibility for evading tax obligations and cast blame on the other. Moore claimed that she lacked the capacity to form the requisite *mens rea* to have evaded taxes "wilfully" because she was dominated and controlled by Breinig, and Breinig claimed that because Moore kept all the books and an accounting firm prepared their taxes, he had no knowledge of the underreporting.

Moore's defense of diminished capacity was based largely on the testimony of a psychiatrist and a psychologist who had treated her in 1990. Over Breinig's objections, the expert witnesses testified to Moore's mental instability; to her extreme insecurities; to her suicidal tendencies; to Breinig's infidelities; and to Moore's low self-esteem. The evidence presented to the jury showed that Breinig committed adultery during the course of his marriage to Moore, and that he alienated the couple's children, which caused Moore to feel abandoned by them. Additional testimony revealed that the defendant "abandoned" Moore, and that he "manipulated" her throughout the course of a twenty-four-year marriage resulting in Moore's extreme dependence on Breinig. All of this evidence was admitted only in support of Moore's defenses, but amounted, nevertheless, to dramatic evidence of Breinig's bad character.

After the verdict, Breinig moved for a new trial on the ground that the denial of severance and separate trials denied him due process of law under the Fifth Amendment of the United States Constitution. The district court denied his motion relying on the authority of *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

The trial judge found that Breinig had failed to meet the heavy burden of showing "substantial prejudice" to his rights, and of establishing that such prejudice was unfair.

## II.

■ This court reviews a district court's grant or denial of a motion for new trial under an abuse of discretion standard. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir.1988). The narrow standard of review corresponds to the rationale underlying Fed.R.Crim.P. 33 that "the trial judge, not an appellate court reading a cold record, can best weigh the errors against the record as a whole to determine whether those errors in the conduct of the trial justify a new trial." *United States v. McBride*, 862 F.2d 1316, 1320 (8th Cir.1988). Likewise, the decision to deny a motion for severance rests within the wide discretion of the trial court and will not be reversed unless there was an abuse of discretion. *United States v. Moore*, 917 F.2d 215, 219 (6th Cir.1990), *cert. denied*, 499 U.S. 963, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991).

## III.

■ Breinig argues that the denial of severance and separate trials rendered his trial unfair by denying him due process of law under the Fifth Amendment. Because of the inherently antagonistic defenses the parties presented, evidence that was admitted to support Moore's theory of the case, and which the jury was properly permitted to consider, was at the same time highly prejudicial evidence of Breinig's bad character. This evidence would have been inadmissible against Breinig had he been tried alone.

■ Under Rule 8(b), defendants who are "indicted together, [ordinarily] should be tried together." *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir.1992). Rule 8(b) provides that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense...." Fed.R.Crim.P. 8(b). Federal courts strongly favor joint trials because "[t]hey promote efficiency and 'serve

the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro,* 506 U.S. at 537, 113 S.Ct. at 937 (quoting *Richardson v. Marsh,* 481 U.S. 200, 209, 107 S.Ct. 1702, 1708–09, 95 L.Ed.2d 176 (1987)). This interest is a strong one. Therefore, without more, defendants are not entitled to a separate trial simply because they may have a better chance of acquittal if they were tried alone. *Warner,* 971 F.2d at 1196.

Notwithstanding the strong preference for joint trials, if a defendant or the government is prejudiced by joinder, Rule 14 permits the court to grant a severance or to "provide whatever other relief justice requires." Fed. R.Crim.P. 14. The rule leaves the determination of the risk of prejudice and appropriate remedy, if any, to the sound discretion of the trial judge. *Zafiro,* 506 U.S. at 540–41, 113 S.Ct. at 939; *United States v. Odom,* 13 F.3d 949, 958 (6th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 1859, 128 L.Ed.2d 481, *and cert. denied,* —— U.S. ——, 115 S.Ct. 116, 130 L.Ed.2d 62 (1994). The district court's determination in this area is thus entitled to great deference. Often, a measure less drastic than a separate trial will suffice to cure any potential risk of prejudice. *Zafiro,* 506 U.S. at 538–39, 113 S.Ct. at 938. For example, in many cases a limiting instruction will be sufficient. *Id.*

■ Breinig argues that because his defense was sharply antagonistic to Moore's defense he should have been granted severance. However, this is not the appropriate standard after *Zafiro.* A mutually antagonistic defense is not prejudicial *per se,* and Rule 14 does not mandate severance on that ground as a matter of law. *Id.* at 535–39, 113 S.Ct. at 936–38. Rather, the appropriate standard to be used for evaluating a motion for severance once defendants have been properly joined under Rule 8(b), is that of "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539, 113 S.Ct. at 938; *see also Odom,* 13 F.3d at 958.

Breinig's claim of prejudice meets this standard. The unfairness in Breinig's trial resulted not from a mutually antagonistic defense, but from evidence the jury was permitted to hear and evaluate and which was, as to Breinig, impermissible and highly inflammatory evidence of his bad character. The jury was told, by well-credentialed experts, that Breinig was an adulterous, mentally abusive, and manipulating spouse. Such testimony, of course, would have been inadmissible against him under any theory of the Federal Rules of Evidence on a trial for tax evasion. Because Breinig's credibility was in issue, the jury's consideration of categorically inadmissible evidence was manifestly prejudicial, and unfairly so. It provided the government with an unfair windfall that the rules of evidence and elemental notions of fairness would otherwise not allow, and that Rule 8(b) does not envision. We find, therefore, that Breinig has carried the heavy burden of showing that the prejudice he suffered was compelling and unfair. *Moore,* 917 F.2d at 220; *United States v. Davis,* 707 F.2d 880, 883 (6th Cir.1983).

We note that this is an exceptional case. Indeed, its unique facts present one of those very few instances where a conviction is reversed based on a denial of severance under Rule 14. Although we find that Breinig should have been granted a separate trial, we are not critical of the district court's pretrial decision. The district court engaged in extensive fact-finding and carefully evaluated the proposed evidence in light of the Supreme Court's decision in *Zafiro.* On appeal, however, we have the benefit of reviewing the record and evaluating the trial after all the testimony has been presented and the jury has returned its verdict. The district court could not have foreseen much of the testimony that was ultimately introduced. We reaffirm today that the decision to deny severance rests within the sound discretion of the trial judge, which we do not second-guess. *United States v. Lasanta,* 978 F.2d 1300, 1306 (2d Cir.1992); *see also Moore,* 917 F.2d at 219. However, we conclude that the facts of this case, as they developed after the trial court's ruling, severely and unfairly prejudiced the defendant.

## IV.

Accordingly, we **VACATE** the conviction and sentence, and **REMAND** for further proceedings consistent with this opinion.