**Roosevelt DIX, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 1:96–CV–658.

United States District Court, W.D. Michigan, Southern Division.

Feb. 14, 1997.

Roosevelt Dix, Jr., Oxford, WI, Pro Se.

Brian K. Delaney, Michael H. Dettmer, United States Attorney, Grand Rapids, MI, for Respondent.

## OPINION REGARDING PETITION FOR WRIT OF HABEAS CORPUS

QUIST, District Judge.

This is a petition to vacate sentence under 28 U.S.C. § 2255. Petitioner was convicted in this Court on drug and weapon charges on March 17, 1993. He was sentenced to a term of imprisonment of 232 months. The United States Court of Appeals for the Sixth Circuit affirmed. (Mandate dated June 3, 1994, docket no. 100.) The present petition to vacate sentence relies on two grounds. First, Petitioner argues that under *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the definition of "use" given to the jury at trial was in error and therefore his conviction and sentence are invalid. Second, Petitioner contends that his trial counsel was ineffective for not requesting a severance from Petitioner's co-defendant, Emmit Yarbrough. Respondent has filed a brief in objection to the first claim, but has not responded to the second.

### *"Use" Instruction*

In reviewing a habeas petition, courts must review an alleged error in jury instructions under the harmless error standard. *California v. Roy,* —— U.S. ——, ——, 117 S.Ct. 337, 338, 136 L.Ed.2d 266 (1996) (per curiam). In *Roy,* the Supreme Court upheld the traditional harmless error standard first announced in *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). *See also Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993). That standard is whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Kotteakos,* 328 U.S. at 776, 66 S.Ct. at 1253. In *Roy,* a state court case of robbery and first degree murder, the federal district court found that no rational juror could have failed to find that the defendant had formulated the requisite intent. *Roy,* —— U.S. at ——, 117 S.Ct. at 338. Affirming that analysis, the Supreme Court applied the more deferential

definition of "harmless error," urged by the prosecution. The Court specifically rejected the stricter standard under which the error must be found harmless beyond a reasonable doubt. *Id.* at ——, 117 S.Ct. at 339. *See also Peck v. United States,* 106 F.3d 450, 456–57 (2d Cir.1997) (Section 2255 case wherein court applied *Roy* methodology's less onerous, harmless error standard to the instruction's alleged "misdescription" of an element of the crime); *Lyons v. Johnson,* 99 F.3d 499, 502 n. 5 (2d Cir.1996) (noting that a *Roy* -type error, concerning jury instructions, is to be evaluated in habeas petition as a "trial" error, thus falling under *Brecht* 's deferential standard of harmless error).

■ Petitioner was found guilty of violating 18 U.S.C. § 924(c), which targets anyone, who, "during and in relation to any ... drug trafficking crime ... uses or carries a firearm." The definition of "use" as prescribed by the Supreme Court depends on the term's "ordinary or natural meaning," but also depends on the statute and the sentencing scheme at issue. *Bailey,* —— U.S. at —— – ——, 116 S.Ct. at 505–06 (1995). *Bailey* overturned established precedent that evidence of possession alone is sufficient to support a Section 924(c)(1) conviction. Thus, under *Bailey,* a defendant must be shown to have "actively employed" a gun. *Id.* at ——, 116 S.Ct. at 509. In *Bailey* 's wake, reaching for a gun under a mattress as police attempt to make an arrest has been held to constitute "use." *See United States v. Anderson,* 89 F.3d 1306, 1314 (6th Cir.1996). Under the statute, using a firearm does not require firing the firearm. *Bailey,* —— U.S. at ——, 116 S.Ct. at 508. Also, where there is jointly undertaken activity of drug distributing, and evidence of possession of firearms by both defendants, one's conduct involving a firearm may be imputed to that of a co-conspirator. *Pinkerton v. United States,* 328 U.S. 640, 646–47, 66 S.Ct. 1180, 1184, 90 L.Ed. 1489 (1946); *United States v. Martin,* 920 F.2d 345, 348 (6th Cir.1990). *See also United States v. Christian,* 942 F.2d 363, 367 (6th Cir.1991) (finding that a defendant may be convicted under Section 924(c) if a co-conspirator used a firearm in connection with a drug-trafficking scheme).

■ An application of *Bailey* and *Pinkerton* to the facts in this case demonstrates there were ample grounds on which to base Petitioner's conviction. The record establishes that there was jointly undertaken activity of drug distribution and possession of firearms by both defendants. Petitioner's coconspirator, Yarbrough, reached for a firearm to use against arresting officers. After a struggle with police officers, Yarbrough was prevented from shooting the firearm. Under the circumstances, these actions may be imputed to Petitioner. Further, a sawed-off shotgun with a pistol grip and another short-barreled shotgun were located under the couch where Petitioner had been sitting when the arresting officers entered the residence in question. Linda Ellis saw Petitioner run out of a bedroom carrying a shotgun. There was direct testimony at trial that both Petitioner and Yarbrough carried the firearms found in the residence immediately prior to their arrests. Rynold Collins testified that both Petitioner and Yarbrough carried large gym-type bags containing short-barreled shotguns with pistol grips, described by the defendants themselves as street or riot guns. The defendants both stated that they used the guns to protect their drugs, and when asked, they agreed to take the weapons from Linda Ellis's home. The record as a whole is clear. It demonstrates that no rational juror could have failed to find that the defendant's conduct constituted "use" under the more narrow definition given to the term under *Bailey.* *See Anderson,* 89 F.3d at 1314. *See also United States v. Lopez,* 100 F.3d 98, 101 (9th Cir.1996) (conviction under Section 924(c) upheld because proper *Pinkerton* instruction given); *United States v. Pimentel,* 83 F.3d 55, 58–59 (2d Cir.1996) (same).

Even assuming that the Court erred in its definition of use, the error was harmless. Under the Supreme Court's analysis enunciated in *Roy,* the record is insufficient to allow the present petition to be granted. The record contains ample evidence of Petitioner's conduct to support a finding that he used a firearm under any definition. For the same reason, Petitioner has failed to demonstrate that the error influenced the jury's verdict.

*See Brecht,* 507 U.S. at 637, 113 S.Ct. at 1721. As the Second Circuit stated in *Peck,* 106 F.3d 450, we conclude that a properly instructed, rational jury would have found the [required element] beyond a reasonable doubt. Thus, the instructional error did not have a " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Id.* at 457 (citing *Brecht* ).

Moreover, there is ample evidence to support a conviction for "carrying" a firearm in violation of Section 924(c)(1). After *Bailey,* in order to support a conviction for carrying a firearm, " 'the firearm must be immediately available for use—on the defendant or within his or her reach.' " *United States v. Taylor,* 102 F.3d 767, 769 (6th Cir.1996) (per curiam) (quoting *United States v. Riascos–Suarez,* 73 F.3d 616, 623 (6th Cir.1996), *cert. denied,* ——— U.S. ———, 117 S.Ct. 136, 136 L.Ed.2d 84 (1996)). *Cf. United States v. Moore,* 76 F.3d 111, 113 (6th Cir.1996) (finding that "carrying" includes immediate accessibility to the defendant and a showing that he or she was in the process of transporting the firearm during and in relation to a drug trafficking crime).

### Ineffective Assistance of Counsel

Petitioner's claim of ineffective assistance of counsel is without merit. In order to establish ineffective assistance of counsel, "a criminal defendant must show both that his counsel's performance was deficient and that it prejudiced his defense in a manner which deprived him of a fair trial." *Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.1987). In the Supreme Court's words, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ Petitioner has not satisfied this test. He has not articulated facts tending to show that counsel was ineffective for failing to request severance of trial, much less that the alleged deficiency prevented Petitioner from raising any issues sooner, or that the arguments make any difference in Petitioner's ultimate conviction or sentencing. The record contains several references to Petitioner's joint activity with defendant Yarbrough. From this Court's observation of the trial, there was nothing that occurred or did not occur during the trial that could lead to a conclusion that counsel for Petitioner erred with respect to severance.

■ Further, even assuming counsel had requested severance, it appears unlikely the motion would have been granted. " 'There is a preference in the federal system for joint trials of defendants who are indicted together.' " *United States v. Welch,* 97 F.3d 142, 147 (6th Cir.1996) (quoting *Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993)). Petitioner contends that it was "extremely damaging" to allow the jury to hear about Yarbrough's instructions to Rynold Collins about how to testify, which instructions were contained in both defendants' threatening letters to Collins. Petitioner may be correct. However, defendants are not entitled to a separate trial "simply because they have a better chance of acquittal if they were tried alone." *United States v. Breinig,* 70 F.3d 850, 853 (6th Cir. 1995) (citing *United States v. Warner,* 971 F.2d 1189, 1196 (6th Cir.1992)). Moreover, although Petitioner is correct that a joint trial may create a risk that the jury will hear evidence that is inadmissible with respect to one defendant and admissible against the co-defendant, " '[the jury must be presumed capable of sorting out the evidence and considering the cases of each defendant separately.]' " *United States v. Moore,* 917 F.2d 215, 222 (6th Cir.1990) (quoting *United States v. Thomas,* 728 F.2d 313, 319 (6th Cir.1984)) (citations omitted). The burden is on the defendant to demonstrate that the jury was mislead or confused. *Moore,* 917 F.2d at 221 (quoting *United States v. Vinson,* 606 F.2d 149, 154 (6th Cir.1979)). Further, the degree of proof requires "a strong showing of factually specific and compelling prejudice." *United States v. Benton,* 852 F.2d 1456, 1469 (6th Cir.1988). Petitioner has fallen far short of presenting sufficient justification for severance. Thus, Petitioner's claim regarding ineffective assistance must, in turn, be denied.

In conclusion, for the foregoing reasons, the pending Petition for Writ of Habeas Corpus will be denied. This case is dismissed.

The Court finds that based on the record, Petitioner's arguments and applicable case law, a certificate of appealability should not be issued. 28 U.S.C. § 2253(c). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1064 (6th Cir.1997) (holding that district courts have authority to grant certificates of appealability under the recently amended habeas corpus framework).

An Order consistent with this Opinion will be entered.

### ORDER

For the reasons set forth in the Opinion entered on this date,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (docket nos. 1 and 10) is **DENIED.** This case is **DISMISSED.**

IT IS **FURTHER ORDERED** that a certificate of appealability shall not be entered. 28 U.S.C. § 2253(c).