**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan ARISPE, Defendant–Appellant.**

No. 01–2329.

United States Court of Appeals, Sixth Circuit.

July 25, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and WEBER, District Judge.*

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

## ORDER

Juan Arispe, a federal prisoner, appeals the district court's judgment upon his conviction on one count of conspiring to possess with intent to distribute and to distribute more than 500 grams but less than 5 kilograms of cocaine, two counts of aiding and abetting the distribution of cocaine, one count of possessing 500 or more grams of cocaine with intent to distribute, and one count of possessing 50 or more grams of cocaine base (crack) with intent to distribute. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Arispe and two codefendants were named in a 12–count second superseding indictment charging the above offenses in addition to other drug charges and a forfeiture count. On February 14, 2001, a jury convicted Arispe of the counts described above and acquitted him of two other distribution counts. The district court sentenced him on September 10, 2001, to a total of 121 months in prison followed by five years of supervised release. Arispe and the government reached an agreement as to the forfeiture count.

Arispe's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did address the following issues: (1) whether the government improperly failed to provide police surveillance notes to defense counsel prior to trial; (2) whether the all-white composition of the grand jury was unconstitutional; (3) whether the trial court erred in denying his motion for severance; (4) whether the trial court erred in denying his motion for judgment of acquittal; (5) whether the jury instructions were proper; (6) whether the trial court erred in denying a reduction in offense level for acceptance of responsibility; (7) whether the sentence was lawfully imposed; and (8) whether the district court erred in denying counsel's motion to withdraw. Arispe was advised of his right to respond to his attorney's *Anders* brief and has filed a pro se response raising the additional issue of ineffective assistance of trial counsel.

Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issues he determined to be arguable. We affirm the district court's judgment because none of the issues raised by counsel warrants relief and Arispe's pro se issue of ineffective assistance of counsel is more properly raised in a motion to vacate under 28 U.S.C. § 2255.

The first issue on appeal concerns the prosecution's alleged failure to timely provide certain notes used by a witness to refresh his memory. The issue was raised during trial when codefendant's counsel questioned a witness regarding notes taken during surveillance operations and asked to see them. During a sidebar, the notes were provided to defense counsel, who was allowed time to examine the notes during a break. Furthermore, the witness was recalled at defense counsel's request so that counsel could conduct a re-cross examination regarding the notes as prior inconsistent statements of the witness. The district court admitted the prior inconsistent statements with a limiting instruction to the jury. Thus, the issue was decided in the defendant's favor and there was no prejudice to the defense by the prosecution's failure to provide these records prior to trial.

■ Counsel next challenges the constitutionality of the composition of the grand jury which brought the indictment. This court reviews a defendant's challenge to the composition of a grand jury *de novo. United States v. Blair,* 214 F.3d 690, 699 (6th Cir.), *cert. denied,* 531 U.S. 880, 121 S.Ct. 191, 148 L.Ed.2d 132 (2000). The Equal Protection Clause prohibits discrimination in the selection of grand jurors. *Rose v. Mitchell,* 443 U.S. 545, 555–56, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979). A prima facie case is established if a party shows that: (1) the group excluded is a recognizable, distinct class capable of being singled out for different treatment under the laws; (2) the grand jury selection process is susceptible to abuse or is not racially neutral; and (3) the degree of underrepresentation has occurred over a significant period of time. *Castaneda v. Partida,* 430 U.S. 482, 494, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977); *United States v. Ovalle,* 136 F.3d 1092, 1105 (6th Cir.1998). Even though Arispe is Hispanic, he still has standing to challenge the underrepresentation of blacks in the grand jury pool. *See Campbell v. Louisiana,* 523 U.S. 392, 397–400, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998).

The district court thoroughly analyzed the defendants' pre-trial challenge to the grand jury composition both under the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq.,* and under the constitutional guarantees of an impartial jury and equal protection and concluded that the defendants had failed to make out a prima facie case under any of those theories. We agree.

■ Arispe, through counsel, next appeals the district court's denial of his motion for severance. He argues that his codefendant's decision to appear at trial in prison garb and the codefendant's attorney's indication that he could not predict what the codefendant's defense would be,

jeopardized his own right to a fair trial. The decision to deny a motion for severance rests within the broad discretion of the trial court and so is reviewed for abuse of discretion. *United States v. Breinig,* 70 F.3d 850, 852 (6th Cir.1995).

Ordinarily, defendants who are indicted together should be tried together. Fed. R.Crim.P. 8(b); *Breinig,* 70 F.3d at 852. The federal courts' interest in joint trials is strong and "[t]herefore, without more, defendants are not entitled to a separate trial simply because they may have a better chance of acquittal if they were tried alone." *Id.* at 853. Moreover, even a mutually antagonistic defense is not prejudicial *per se. Id.* Instead, "the appropriate standard to be used for evaluating a motion for severance once defendants have been properly joined under Rule 8(b), is that of 'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)).

When this standard is applied, it is clear that the district court did not abuse its discretion in denying Arispe's motion to sever. There was no showing that codefendant Delgado's clothing reflected negatively on Arispe and Delgado did not present an antagonistic defense; thus, there was no prejudice to Arispe.

Arispe next asserts that the district court erred in denying in part his motion for judgment of acquittal under Fed. R.Crim.P. 29. A district court's denial of a motion for judgment of acquittal is reviewed *de novo. United States v. Chambers,* 195 F.3d 274, 276 (6th Cir.1999). "The inquiry is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt.' " *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Our review of the trial transcript as well as the Rule 29 arguments of counsel persuades us that the district court did not err in denying in part the motion for judgment of acquittal. The district court did grant the motion in part, dismissing the charge of conspiracy to distribute crack cocaine from count 1. However, as to the other counts, there was sufficient evidence presented that a reasonable juror could have found Arispe guilty of the remaining charges.

Arispe's counsel next raises the question of whether the district court's jury instructions were proper. Because Arispe did not object to the jury instructions as given, they are reviewed for plain error. *See United States v. McGee*, 173 F.3d 952, 957 (6th Cir.1999); *United States v. Monus*, 128 F.3d 376, 386 (6th Cir.1997). The Supreme Court has reaffirmed that:

> [B]efore an appellate court can correct an error not raised at trial, there must be (1) "error," (2) that is "plain," and (3) that "seriously affect[s] substantial rights." If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."

*Monus*, 128 F.3d at 386 (quoting *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)) (double-internal quote omitted).

Counsel identifies no improper jury instruction and, in fact, notes that they were favorable to Arispe by including instructions for lesser included potential verdicts. We have reviewed the jury instructions and find no plain error affecting Arispe's substantial rights.

■ Arispe next argues that the district court erred in rejecting his motion for a two-level reduction in offense level for acceptance of responsibility. After hearing argument, the district court ruled that this was not one of those rare cases as outlined in the application note to USSG § 3E1.1, where the defendant may receive a reduction for acceptance of responsibility while exercising his right to go to trial. In addition, the district court did not find a clear demonstration on Arispe's part that he accepted responsibility for his crimes. For these reasons, the district court denied the reduction.

This court reviews for clear error a district court's finding that a defendant is not entitled to a sentence reduction for acceptance of responsibility. *United States v. Smith*, 245 F.3d 538, 546 (6th Cir.2001). " 'However, the standard of review is de novo where ... the only issue presented is the propriety of the application of the reduction to uncontested facts.' " *Id.* (quoting *United States v. Tilford*, 224 F.3d 865, 867 (6th Cir.2000)).

In this case, the relevant facts are not in dispute. Arispe did not go to trial merely to assert and preserve issues unrelated to factual guilt. *See* USSG § 3E1.1, comment. (n.2). Instead, as is clear from his allocution, Arispe continued to assert his innocence. Thus, the district court did not err in finding that Arispe was not entitled to a reduction for acceptance of responsibility.

Counsel's *Anders* brief also raises the issue of whether Arispe's sentence was lawfully imposed under the U.S. Sentencing Guidelines. This court reviews a district court's factual findings relating to the application of sentencing guidelines for clear error and its legal conclusions *de novo*. *United States v. Griffis*, 282 F.3d 443, 446 (6th Cir.2002).

A defendant may seek review of his sentence only on the grounds that: (1) the sentence was imposed in violation of

law; (2) the sentence was imposed as a result of an incorrect application of the sentencing guidelines; (3) the sentence represents an upward departure from the applicable guidelines range; or (4) the sentence was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a); *Griffis*, 282 F.3d at 445–46.

Because Arispe's sentence falls within none of the categories set forth in § 3742(a), it is not subject to review on appeal.

■ Counsel's final issue on appeal is whether the district court erred in denying his motion to withdraw. Prior to sentencing, counsel moved to withdraw based upon disagreements between him and his client. The district court conducted a hearing on September 17, 2001, during which Arispe expressed some dissatisfaction with counsel's handling of the case, but stated that he did not want to fire him. Under the circumstances, the district court did not err in denying counsel's motion.

■ Finally, Arispe, in his pro se response to his attorney's *Anders* brief, argues that his trial counsel rendered ineffective assistance. Generally, a claim of ineffective assistance of counsel is not cognizable on direct appeal because the record is inadequate to permit review; therefore it is more properly brought in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir.2001). However, if the record is adequate, this court may elect to review the issue on direct appeal. *Id.* Although the record in this case includes a transcript of the hearing on counsel's motion to withdraw before the district court and Arispe includes a number of supporting documents along with his pro se brief, we find that the record is inadequate to review this issue on direct appeal.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.