**UNITED STATES of America, Plaintiff–Appellant/Cross–Appellee,**

v.

**Darryl J. COSTIN, Defendant–Appellee/Cross–Appellant.**

Nos. 00–3287, 00–3288, 00–3289.

United States Court of Appeals, Sixth Circuit.

March 5, 2003.

Before BOGGS and MOORE, Circuit Judges; and RUSSELL, District Judge.*

PER CURIAM.

The United States appeals the district court's grant of a new trial to Darryl J. Costin after the jury convicted him of two counts of filing false tax returns. Costin cross-appeals the district court's order refusing to dismiss those two counts on the basis of the Double Jeopardy Clause. For the reasons set forth below, we affirm the district court's orders.

**I**

The appeal and cross-appeal in this case present two relatively discrete legal issues, which are products of a lengthy and complicated federal criminal prosecution. In 1995, the government obtained a 313–count indictment against Costin, Ronald Skeddle, *see United States v. Skeddle,* No. 00–3195, 45 Fed.Appx. 443, 2002 WL 2026537 (6th Cir. Aug. 29, 2002), and six other co-defendants. After pre-trial motions, Costin. Skeddle, and their co-defendants were tried on slightly over 200 counts, which included mail and wire fraud, conspiracy, and money laundering. These charges were all directed at a transaction between Libbey–Owens–Ford Company ("LOF"), of which Costin and Skeddle were executives, and Computer Technoloy Management ("CTM"), a computer services company that Costin and Skeddle established. LOF contracted with CTM for computer consulting work.

CTM was itself a complicated entity. It was wholly owned by three corporations, operated by Professor Clarence Martin, a computer scientist and friend of Costin and Skeddle. These three corporations were known as the Martin Companies.

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

Each of three companies, CJD (owned and operated by Costin), SWR (operated by Skeddle), and BBE (owned and operated by Edward Bryant, another LOF executive), wholly owned one of the three Martin Companies respectively. SWR was formally owned by Skeddle's young children.

The indictment alleged that this elaborate configuration of corporations was designed to conceal self-dealing of LOF business to the three LOF executives and to embezzle money from LOF through payments to CTM for phantom computer-consulting services. After an extensive jury trial, the jury acquitted all of the defendants of all counts.

Coming up empty on the first prosecution, government prosecutors referred Costin, Skeddle, and Robert Hobe, their accountant, to the Tax Division of the Department of Justice. The government then obtained an eighteen-count indictment against Costin, Skeddle, and Hobe, including various charges of tax fraud. At various points in the proceedings, the district court entered judgments of acquittal for the defendants on sixteen of the eighteen counts. By the end of the trial, the district court had entered judgments of acquittal on all of the counts against Skeddle. Only four counts—two against Hobe and two against Costin—remained when the case was finally submitted to the jury. The two against Costin—renumbered counts 18 and 19 of the indictment—were for filing false tax returns on behalf of CJD. Specifically, the counts alleged that Costin falsely claimed business expense deductions on the returns to which CJD was not entitled. The counts also alleged that deductions were false because because CJD was not engaged in any "business" whatsoever.

Costin moved the district court to dismiss counts 18 and 19 as well, arguing that no reasonable jury could find beyond a reasonable doubt that CJD was not engaged in computer consulting work. This is what the court had labeled as the "shell" theory of liability for CJD's tax returns, under which CJD was not entitled to claim any business deductions. The court held that Costin was correct, in part, in that there was significant evidence presented that CJD performed computer consulting work. To the extent that the counts charged Costin with operating a shell corporation and filing a false tax return because CJD through Costin claimed *any* business expenses, the district court dismissed the counts. The court, however, permitted the government to proceed on a theory that individual business expense deductions, claimed by CJD, were actually Costin's personal expenses and therefore were false. Over Costin's objection that submitting the new theory to the jury would violate the Double Jeopardy Clause of the Fifth Amendment, the court held that permitting such a theory was not a constitutionally invalid "constructive amendment" of the indictment because the individual deduction theory was a valid "variance," or just a narrower version, of the same counts. According to the court, the invalidity of individual deductions would still render the specific statement, alleged to be false in the indictment, actually false.

The jury convicted Costin on both counts of filing false tax returns, after the court instructed the jury on only the individual deduction theory of the counts. The jury acquitted Hobe on his two remaining counts.

Costin moved for a new trial, arguing that the government's presentation of now irrelevant evidence under the shell theory of criminal liability confused the jury, and such confusion was not adequately addressed by the court's nearly 100 limiting instructions attempting to withdraw from

the jury's consideration evidence pertaining to the counts dismissed by the court. The district court granted Costin's motion for a new trial. According to the district court, the jury had been exposed to a deluge of now inadmissible evidence, including that Costin "had enriched himself by several million dollars at the expense of his employer." The government, according to the district court, had inexorably entangled its non-functioning-entity theory, which the court had declared illegitimate, with evidence on the validity of individual deductions. For the court, it seemed too unlikely that the jury abstained from taking into consideration inadmissible testimony in convicting Costin, especially given the extremely complicated and numerous limiting instructions issued by the court.

## II

The government now appeals the district court's grant of a new trial for Costin. Costin cross-appeals, claiming that the district court erred by not entirely dismissing the two remaining counts for filing false tax returns because reprosecution is barred by the Double Jeopardy Clause of the Fifth Amendment. We consider separately the appeal and the cross-appeal below.

### A. The New Trial Order

We will not overturn a district court's granting a new trial to a defendant unless the court abused its discretion. *United States v. Taylor,* 176 F.3d 331, 335 (6th Cir.1999). Our deferential standard of review reflects the district court's actual witnessing of the prejudicial evidence to which the jury may have been exposed. As we have previously put the point, "the trial judge, not an appellate court reading a cold record, can best weigh the errors against the record as a whole to determine whether those errors in the conduct of the trial justify a new trial." *United States v.*

*Breinig,* 70 F.3d 850, 851 (6th Cir.1995). Given this comparative competence, only in the most rare circumstances will we overturn a district court's grant of a motion for new trial to a criminal defendant. The district court's comparative expertise is especially profound in this case, in which the district court heard six weeks of trial testimony and arguments.

■ Nonetheless, the government argues that the district court abused its discretion. We can discern three allegations of error from the government's argument. First, the government claims that the district court applied the incorrect legal standard while deciding whether to grant Costin's motion for a new trial. The allegedly incorrect standard arises from the following statement in the district court's opinion: "I cannot conclude that the jury, even though it might have done so, did in fact reach its verdict on the basis of evidence that it properly could consider, without regard to evidence having no bearing on the limited issues it was asked to decide." The district court's analysis, however, reflects a wholly sufficient ground for granting a new trial: granting a new trial is permitted when "there is a reasonable possibility that [inadmissible] evidence might have contributed to a conviction." *United States v. DeSantis,* 134 F.3d 760, 769 (6th Cir.1998). Although the district court did not replicate the words, "reasonable possibility," it did suggest that there was only a possibility that the jury did not rely on inadmissible evidence in reaching its verdict. The district court's formulation of the standard recognizes a reasonable possibility that inadmissible evidence did contribute to the jury's verdict.

Second, the government argues that the jury's verdict was supported by overwhelming evidence, making it extremely unlikely that the jury would have needed to rely on inadmissible evidence. The gov-

730

ernment is correct to note that there must be some causal link, however weak, between the inadmissible evidence and the jury's verdict. Certainly, overwhelming admissible evidence in support of the charges would weaken that required link.

■ The government recounts extensive evidence of Costin's guilt on the fraudulent claiming of individual business deductions. The government points to, for example, the numerous receipts initialed by the defendant and submitted for business expenses. There was not overwhelming evidence on whether Costin claimed in aggregate more than his actual business expenses. The statement alleged to be false in the indictment is the total dollar figure that CJD claimed as deductible business expenses. It is a valid defense to the crime charged that CJD had legitimate and deductible business expenses equal to or in excess of that amount because the indictment did not charge that any individual deduction claimed was false. Notwithstanding the individual receipts, it is not a stretch to hold that the extensive evidence of Costin's large payments from LOF and CJD's lack of substantial business activity, which would otherwise have been inadmissible, muddled the jury's determination of this complex question.

■ Third, the government argues that the prejudicial effect of the jury's exposure to inadmissible evidence was cured by the court's limiting instructions. The district court did not appear to believe that its limiting instructions were terribly effective. The district court issued nearly 100 limiting instructions to the jury, and we share the district court's concerns that the instructions' efficacy was compromised by their number. We have upheld in the past a district court's determination that limiting instructions were not sufficient to prevent the jury from considering inadmissible evidence. *see United States v. Jobson,*

102 F.3d 214, 222 (6th Cir.1996). This is yet another determination that the district court is particularly competent to make and with regard to which this court is particularly deferential. Given the number and complexity of the instructions in this case, we cannot hold that the district court's evaluation of the efficacy of its own instructions was an abuse of discretion.

In the end, nearly all of the evidence that the government introduced at trial was ruled irrelevant by the district court's judgments of acquittal. We agree with the district court that, given the significant percentage of the evidence presented that was not probative of the remaining charges, but did tend to suggest Costin's general financial impropriety, there is a reasonable possibility that the jury did rely on inadmissible evidence in reaching its verdict. We affirm the district court's granting of a new trial on the two remaining counts.

**B. The Cross–Appeal's Double Jeopardy Claim**

In his cross-appeal, Costin argues that the district court erred by not dismissing the two counts of filing false tax returns that were ultimately submitted to the jury, after the court held that there was insufficient evidence that the allegedly false statements were false for the reason alleged by the government in the indictment. The indictment charged Costin with falsely claiming deductible business expenses in CJD's 1991 and 1992 tax returns. The indictment alleged that the business deduction claims were false because CJD was not engaged "in the business activity of 'Computer Consulting'" or any other business activity. Under this theory of falsity, CJD was nothing more than a "shell corporation," engaging in no legitimate business activity and capable of incurring no business expenses, but merely

passing funds from LOF to Costin. At the close of the defense's case, the district court held that the government's theory of falsity was factually unsupportable by determining that no reasonable jury could find that CJD engaged in no business activity.

The district court, however, also held that the government had presented sufficient evidence to indicate that the claimed business expense deductions, taken individually, were not related to the CJD's legitimate business activities. Costin contends that the district court's dismissal of the "shell theory" of falsity in the false tax return counts amounted to an acquittal on those counts. By permitting the counts to be submitted to the jury on the theory that the same statements were false because the individual deductions were invalid, Costin argues that the court placed him in jeopardy a second time for the same offenses, namely filing false tax returns in 1991 and 1992.

The government has moved to dismiss Costin's cross-appeal on the ground that this court, although generally having jurisdiction over interlocutory appeals based on double jeopardy grounds, only has such jurisdiction if the claim is "colorable." *See United States v. MacDonald*, 435 U.S. 850, 862, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978). As we note below, we ultimately find Costin's claim not well taken, but there is a sufficient argument for his view that we find it to be "colorable." We therefore deny the government's motion to dismiss.

■ Costin's argument depends on his premise that the district court acquitted him of the charged offenses. If the district court did, in effect, enter a judgment of acquittal on the offense charged by holding that the government's shell theory was factually unsupportable, then allowed the government to present its case for falsifying the same tax returns, except this time on a different theory, such a ruling would have violated the Double Jeopardy Clause. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 574, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) (holding that the trial judge's resolution of the factual elements of the offense charged against the government, no matter its label, is an acquittal, which bars reprosecution). A defendant is not acquitted when the district court finds that a certain set of facts that *would* support the offense charged in the indictment could not be found by a rational jury, when an alternative set of facts that would also support the elements of the offense is still viable. *United States v. Hathaway*, 798 F.2d 902, 910 (6th Cir. 1986). Instead, an acquittal occurs only if the district court finds that *all of the evidence* presented *cannot* satisfy the *elements* of the offense charged. *Ibid.*

Costin was charged with filing false tax returns for CJD in 1991 and 1992. The indictment did specify that the pertinent falsehoods were statements claiming a total amount of business expense deductions on CJD's 1991 and 1992 tax returns. The indictment explained that the statements were false because CJD was not engaged in the business of computer consulting and that therefore it was not entitled to take certain business deductions. The district court found that there was insufficient evidence that CJD was not engaging in any business activity, but submitted to the jury the question of whether Costin on behalf of CJD claimed individual business deductions to which CJD was not entitled.

The prosecution ultimately was left with a claim that Costin made the false statements alleged in the indictment, namely the claiming of business expenses, for a reason not charged in the indictment, namely that expenses were not incurred in the course of the consulting business. However, the reason for falsity is not an element of the offense of filing of false tax

732

return. Instead, the statute only requires that the defendant have made the statement and that he did not "believe the statement to be true and correct as to every material matter." 26 U.S.C. § 7206(1). All the government needed to prove was that Costin made the statement of claiming business expense deductions in a specified amount, that the statement was false, and that Costin did not believe it to be true. That the reason for the falsity alleged in the indictment was held unsupportable by the district court does not amount to an acquittal on the elements of the offense because the facts could continue to support the falsity of the statement. Therefore, the government's revision of its theory of the offense did not place Costin in jeopardy a second time for the same offenses of filing false 1991 and 1992 tax returns.

### III

Accordingly, we find both the appeal and the cross-appeal's assignments of error without merit. We AFFIRM the district court's orders and REMAND this action to the district court for further proceedings.